JS 44 (Rev. 04/21)     **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Alton Johnson and Gay Hagin | United States of America |

**(b)** County of Residence of First Listed Plaintiff   Philadelphia, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Dominic Guerrini, Esquire - Kline & Specter, PC, 1525 Locust St, Phila., PA 19102; 215-772-1372

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*     Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☒ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Section (b)(1) of the Federal Tort Claims Act, 28 U.S.C. §1346

Brief description of cause:
United States as Defendant

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE   Feb 11, 2026

SIGNATURE OF ATTORNEY OF RECORD   /s/ Dominic C. Guerrini, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **ALTON JOHNSON and GAY HAGIN**<br>7718 McCallum Street<br>Philadelphia, PA 19118 | NO. |
| Plaintiffs, | **COMPLAINT** |
| v. | |
| **UNITED STATES OF AMERICA** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## CIVIL ACTION COMPLAINT

Plaintiffs, Alton Johnson and Gay Hagin, by and through their undersigned counsel, Kline & Specter, P.C., for their Complaint against Defendant, the United States of America, allege, on knowledge as to their own actions and otherwise upon information and belief, as follows:

## INTRODUCTION

1.      This case sounding in medical malpractice involves claims for personal injury and loss of consortium brought against the United States of America under Section (b)(1) of the Federal Tort Claims Act (FTCA), 28 U.S.C. §1346, due to a nearly four-year delay in diagnosis of lung cancer at the Corporal Michael J. Crescenz VA Medical Center in Philadelphia.

## JURISDICTION AND VENUE

2.      This matter is brought under the Federal Tort Claims Act, 28 U.S.C. §1346, et seq.

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1367 (supplemental).

4.      Venue is proper because the acts and omissions that form the subject matter of this action occurred in this judicial district.

## NOTICE

5.    Pursuant to 28 U.S.C. § 2675(a), a FTCA action shall not be instituted "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."  28 U.S.C. § 2675(a).

6.    On May 13, 2025, Plaintiffs submitted their claims to the Department of Veterans Affairs via Standard Form 95 notice.  That form and its attachments detailed the claims alleged herein, as required by statute.  *See* Form 95 Submission, attached hereto as Exhibit A.

7.    Plaintiffs' Standard Form 95 notice was sent by certified mail and delivered to the Department of Veterans Affairs on June 3, 2025, over six months ago.  *See* Form 95 Submission Return Receipt, attached hereto as Exhibit B.

8.    To date, Plaintiffs have not received a final disposition of their claims.

9.    According to the statute, "the failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a full denial of the claim for the purposes of this section."  28 U.S.C. § 2675(a).

10.    Because Plaintiffs' claim is deemed denied, Plaintiffs now file the instant lawsuit.

## PARTIES

11.    Plaintiff Alton Johnson is an adult citizen and resident of the Commonwealth of Pennsylvania, residing therein at 7718 McCallum Street, Philadelphia, PA 19118.

12.    Plaintiff Gay Hagin is an adult citizen and resident of the Commonwealth of Pennsylvania, also residing therein at 7718 McCallum Street, Philadelphia, PA 19118.

13.    Defendant United States of America d/b/a Corporal Michael J. Crescenz VA Medical Center ("Philadelphia VAMC") is a federal healthcare facility that maintains its principal

place of business at 3900 Woodland Avenue, Philadelphia, PA 19104. The Philadelphia VAMC includes Kaitlyn Lorraine Broderick, née Wright, M.D. ("Kaitlyn Lorraine Wright, M.D." or "Dr. Wright"), Ross Gombiner, M.D., Christopher Tarassoff, M.D., Sierra Marsett, RN, the Primary Care department and the Medical Executive Committee, as well as all other employees, agents, ostensible agents, workmen, and servants. As more fully set forth herein, the claim asserted against this Defendant is for professional negligence of its agents, ostensible agents, servants, and employees.

14.    Certificates of Merit pertaining to the negligence alleged against Philadelphia VAMC, Kaitlyn Lorraine Wright, M.D., Ross Gombiner, M.D., Christopher Tarassoff, M.D. and Sierra Marsett, R.N. are attached as Exhibits C through G, respectively.

15.    In performing the acts and omissions alleged herein, Kaitlyn Lorraine Wright, M.D., Ross Gombiner, M.D., Christopher Tarassoff, M.D., and Sierra Marsett, RN were acting as the actual, apparent and/or ostensible agents and/or employees of Defendant United States of America via Philadelphia VAMC and were at all times relevant hereto acting within the course and scope of that agency and/or employment.

16.    All physicians, specialists, fellows, residents, nurses, technicians, and/or other professional and non-professional personnel of the United States of America and specifically Philadelphia VAMC, including but not limited to Kaitlyn Lorraine Wright, M.D., Ross Gombiner, M.D., Christopher Tarassoff, M.D., and Sierra Marsett, RN, were responsible for monitoring, treating, and caring for Alton Johnson in September and October of 2020, were acting as duly authorized, actual, apparent and/or ostensible agents, servants, and employees of Defendant United States of America and Philadelphia VAMC, and acted within the scope of their employment and/or actual, apparent and/or ostensible agency with Defendant, United States of America and

Philadelphia VAMC. The identity of any other potentially negligent individuals involved in Mr. Johnson's care cannot be ascertained from the medical records, is in the exclusive custody and control of Defendant, and will be the subject of discovery.

17.    At all times relevant hereto, Alton Johnson was under the medical care, treatment, and attendance of Defendant directly or through its agents, servants and/or employees including ostensible agents identified above and under their direct control or right to control.

## **OPERATIVE FACTS**

18.    On September 28, 2020 at approximately 4:40 p.m., Mr. Johnson presented to the Philadelphia VAMC emergency room complaining of cough, chills, and sweating.

19.    Mr. Johnson came under the care of emergency room physician Scott E. Jensen, M.D., who ordered a diagnostic chest x-ray and obtained a COVID-19 swab.

20.    Mr. Johnson's chest x-ray was taken at 5:05 p.m. and interpreted by radiologist John D Nguyen, M.D. at 5:25 p.m.

21.    Dr. Nguyen reported abnormalities in the upper lobe of the right lung with the following two impressions:

   a.    "There are mildly increased interstitial markings, left greater than right and most prominently in the left midlung. Given the provided history, findings are concerning for atypical/viral infection."

   b.    "There is presumed right apicolateral pleural parenchymal scaring although poorly evaluated on this exam and without comparison exams available. Correlation with previous imaging is recommended if possible and/or otherwise short-term follow-up CT chest imaging is recommended for further characterization to exclude any possibility of an underlying lesion."

22.    Mr. Johnson was prescribed a z-pack and expectorant and discharged to home with instructions to quarantine and follow up with his primary care provider.

23.    Dr. Jensen, in receipt of Dr. Nguyen's chest x-ray report, also noted that Mr. Johnson "will need Primary Care f/u of CXR findings as well."

24.    Ross Gombiner, M.D., Mr. Johnson's primary care provider, acknowledged receipt of Dr. Jensen's note on September 29, 2020.

25.    Kaitlyn Lorraine Wright, M.D., Mr. Johnson's associate primary care provider, acknowledged receipt of Dr. Jensen's note on October 5, 2020.

26.    On September 30, 2020, two days after his discharge from the emergency room, Mr. Johnson's "Care Manager," Sierra A Marsett, RN, left Mr. Johnson a voicemail informing him that his COVID test was negative and requesting a return call to discuss his symptomology.

27.    Mr. Johnson called the Philadelphia VAMC back the following day, spoke with care manager Nurse Marsett, and reported ongoing lower back pain and little relief from his cough symptoms.

28.    Nurse Marsett documented this conversation in an October 1, 2020 encounter note, and noted Mr. Johnson would be scheduled for a primary care appointment.

29.    Mr. Johnson presented to his primary care appointment on October 6, 2020, where he was seen by his associate primary care provider, internal medicine intern Kaitlyn Lorraine Wright, M.D.

30.    Despite acknowledging receipt of Mr. Johnson's emergency room treatment note just one day prior and incorporating Mr. Johnson's vitals from that visit into her own physical exam, Dr. Wright failed to address the September 28 emergency room visit, the chest x-ray findings

from that visit, or the documented need for a follow-up chest CT during Mr. Johnson's October 6 primary care appointment.

31.    Dr. Wright's note was co-signed by attending primary care physician Christopher P. Tarassoff, M.D., who noted that he discussed the visit with Dr. Wright and "agreed" with her plan of care.

32.    At no point during or after this visit did Dr. Wright, Dr. Tarassoff, Dr. Gombiner, or any other provider order Mr. Johnson a follow-up chest CT, or otherwise act on or address the abnormal September 28, 2020 chest x-ray findings.

33.    At no point during or after this visit did Dr. Wright, Dr. Tarassoff, Dr. Gombiner, Nurse Marsett, or any other provider inform Mr. Johnson of the need for a chest CT to further evaluate the September 28, 2020 chest x-ray findings.  At no point during or after this visit did Dr. Wright, Dr. Tarassoff, Dr. Gombiner, Nurse Marsett, or any other provider attempt to schedule a chest CT scan for Mr. Johnson.

34.    On May 6, 2024, approximately four years later, Mr. Johnson presented to Philadelphia VAMC for an annual exam with his primary care provider and complained of right shoulder pain.

35.    A right shoulder x-ray was ordered revealing an "incidental finding of RUL lung mass."

36.    A follow-up chest CT was scheduled for May 8, 2024.

37.    This chest CT confirmed the existence of a lung mass "highly suspicious for primary pulmonary malignancy" along with finding enlarged right hilar lymph nodes "suspicious for nodal metastasis."

6

38.     A Philadelphia VAMC interventional radiology note dated May 9, 2024 documents that there "is a question whether or not this is seen on films from 9/28/2020."

39.     On June 3, 2024, Mr. Johnson and Ms. Hagin met with John J. Kelly, M.D., Chief of Staff at Philadelphia VAMC, who reported an "institutional disclosure of adverse event."

40.     Dr. Kelly stated that the providers at Philadelphia VAMC failed to follow up on abnormalities that were present on Mr. Johnson's September 28, 2020 chest x-ray "as would have been expected."

41.     Dr. Kelly further relayed that Mr. Johnson "may have a lung cancer" and needed to undergo a lung biopsy "to determine with precision."

42.     According to Dr. Kelly, Philadelphia VAMC "may have missed an opportunity for earlier diagnosis."

43.     Dr. Kelly admitted that the "strong systems" Philadelphia VAMC had in place to prevent adverse events such as this delay in diagnoses had failed.

44.     Mr. Johnson underwent an endobronchial ultrasound ("EBUS") biopsy on June 7, 2024, which revealed that his lung mass was highly suspicious for cancer. Mr. Johnson was recommended for surgery to simultaneously diagnose and treat the mass.

45.     On July 3, Mr. Johnson had a thoracic surgery consultation at Philadelphia VAMC.

46.     On August 14, Mr. Johnson presented to Thomas Jefferson University Hospital for a second opinion from pulmonologist Michael L. Scharf, M.D.

47.     Dr. Scharf confirmed that the lung mass appeared to be cancer.

48.     On August 19, Mr. Johnson underwent a robotic right upper lobe lobectomy and chest wall resection, a flexible bronchoscopy, and robotic mediastinal lymph node dissection at Thomas Jefferson University Hospital.

49.    Pathology following the procedure revealed that Mr. Johnson was suffering from Stage IIB lung cancer, specifically adenocarcinoma of the upper lobe of his right lung, where a 2.5-centimeter mass had formed, spread into the ribcage and metastasized.

50.    Following the lobectomy, Mr. Johnson began treating with an oncologist at Thomas Jefferson University Hospital under whom he began chemotherapy and, in October 2024, was further diagnosed with Stage IIB high-grade neuroendocrine carcinoma of the lung.  The cancer has subsequently spread and metastasized to Mr. Johnson's brain and shoulder.

51.    The negligence of the Defendant by and through its agents, the physicians at the Philadelphia VAMC as set forth with particularity in the counts below, directly and proximately caused the Plaintiff to suffer the following injuries:

a.    Metastatic lung cancer;

b.    Need for chemotherapy;

c.    Decreased opportunity for cure;

d.    Disfigurement;

e.    Depression;

f.    Anxiety;

g.    Pain;

h.    Suffering;

i.    Fear and fright;

j.    Embarrassment;

k.    Humiliation;

l.    Conscious pain and suffering;

m.    Mental anguish;

n.    Severe emotional distress;

o.    Loss of life's pleasures;

p.    Past medical expenses; and

q.    Other severe injuries as documented and described in the medical records;

52.    The injuries to Alton Johnson were caused solely by the negligence of the Defendant by and through its agents, the physicians at the Philadelphia VAMC, as set forth more fully herein and were not caused or contributed to in any way by any negligence on the part of Mr. Johnson.

### COUNT I - NEGLIGENCE
### ALTON JOHNSON v. UNITED STATES OF AMERICA
### d/b/a Corporal Michael J. Crescenz VA Medical Center

53.    Plaintiffs incorporate the above paragraphs as though fully set forth herein at length.

54.    The negligence of Defendant United States of America d/b/a Corporal Michael J. Crescenz VA Medical Center by and through its employees, servants, agents, apparent agents, ostensible agents and/or workmen, including but not limited to Kaitlyn Lorraine Wright, M.D., Ross Gombiner, M.D., Christopher Tarassoff, M.D., and Sierra Marsett, RN, includes the following:

a.    Failure to timely diagnose the mass on Mr. Johnson's lung in September and October of 2020;

b.    Failure to appreciate or otherwise recognize the significance of the findings on Mr. Johnson's September 28, 2020 radiologic studies;

c.    Failure to order additional imaging as directed to further characterize the mass appearing on Mr. Johnson's September 28, 2020 radiologic studies;

d.    Failure to order consultation for workup of the mass appearing on Mr. Johnson's September 28, 2020 radiologic studies;

9

e.     Failure to timely refer Mr. Johnson to a competent specialist with expertise in the diagnosis and management of pulmonary masses;

f.     Failure to promptly and adequately evaluate and monitor Mr. Johnson for lung cancer in September and October of 2020, given the circumstances described above;

g.     Failure to notify Mr. Johnson of the mass appearing on his September 28, 2020 radiologic studies; and

h.     Failure to take appropriate action to address the mass after Mr. Johnson's September 28, 2020 radiologic studies were obtained.

55.     The negligence of the Defendant by and through its aforementioned agents, servants, workmen and/or employees as set forth above caused the injuries and damages suffered by Alton Johnson.  This negligence increased the risk that Mr. Johnson's cancer would grow, spread, become uncurable and ultimately take his life.

**WHEREFORE**, Plaintiffs demand damages against all defendants, jointly and severally, in an amount in excess of local arbitration limits, exclusive of pre-judgment interest, post-judgment interest, and costs, and any other relief that the Court deems just and proper under the circumstances.

## COUNT  II – CORPORATE NEGLIGENCE
## ALTON JOHNSON v.  UNITED STATES OF AMERICA
## d/b/a Corporal Michael J. Crescenz VA Medical Center

56.     Plaintiffs incorporate the above paragraphs as though fully set forth herein at length.

57.     The corporate negligent acts and omissions of Defendant United States of America d/b/a Corporal Michael J. Crescenz VA Medical Center include one or more of the following:

a.     Failure to select and retain physicians and staff competent in the evaluation of and follow-up on radiologic findings;

b.      Failure to select and retain physicians and staff competent in the diagnosis and treatment of lung cancer;

c.      Failure to oversee the practice of radiologic follow-up;

d.      Failure to oversee communication among staff in the diagnosis and treatment of patients like Mr. Johnson;

e.      Failure to oversee Mr. Johnson's care team in their evaluation and management of Mr. Johnson's large lung mass;

f.      Failure to formulate, adopt, and/or enforce adequate rules and policies to ensure timely, adequate and appropriate evaluation of radiologic findings; and

g.      Failure to formulate, adopt, and/or enforce adequate rules and policies to ensure timely, adequate and appropriate diagnosis and treatment of lung cancer.

58.     Defendant had actual and/or constructive knowledge of the failures set forth in the preceding paragraph and subparagraphs.

59.     The negligence of Defendant, as set forth herein, caused the injuries and damages suffered by Alton Johnson.  This negligence increased the risk that Mr. Johnson's cancer would grow, spread, become uncurable and ultimately take his life.

**WHEREFORE**, Plaintiffs demand damages against all defendants, jointly and severally, in an amount in excess of local arbitration limits, exclusive of pre-judgment interest, post-judgment interest, and costs, and any other relief that the Court deems just and proper under the circumstances.

### COUNT III – LOSS OF CONSORTIUM
### GAY HAGIN v. UNITED STATES OF AMERICA
### d/b/a Corporal Michael J. Crescenz VA Medical Center

60.     Plaintiffs incorporate the above paragraphs as though fully set forth herein at length.

61.     At all relevant times hereto, Plaintiffs Alton Johnson and Gay Hagin were lawfully married.

62.    For the reasons set forth herein, Plaintiff Gay Hagin has necessarily paid and become liable to pay for medical aid, treatment, monitoring, medications, and other expenditures and will necessarily incur further expenses of a similar nature in the future as a proximate result of Defendant's negligence.

63.    For the reasons set forth herein, Plaintiff Gay Hagin has suffered and will continue to suffer the loss of her spouse's support, companionship, services, society, love and affection.

64.    Plaintiff Gay Hagin alleges that her marital relationship with Plaintiff Alton Johnson is impaired, and the marital association between husband and wife has been altered.

65.    Plaintiff Gay Hagin has suffered great emotional pain and mental anguish and will in the future suffer great emotional pain and mental anguish as a proximate result of Defendant's negligence.

66.    As a direct and proximate result of Defendant's wrongful conduct, Plaintiffs Alton Johnson and Gay Hagin have sustained and will continue to sustain severe emotional distress, economic losses and other damages, for which they are entitled to compensatory damages.

67.    Defendant is liable to Plaintiff Gay Hagin jointly and severally for all general and special relief to which she is entitled by law.

**WHEREFORE**, Plaintiffs demand damages against all defendants, jointly and severally, in an amount in excess of local arbitration limits, exclusive of pre-judgment interest, post-judgment interest, and costs, and any other relief that the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all counts and all issues raised by this Complaint.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

By: _____

Date:   2/11/26

DOMINIC C. GUERRINI, ESQUIRE
GEORGE ZINDEL, ESQUIRE
PA Attorney I.D. Nos. 91311/332321
Dominic.Guerrini@klinespecter.com
George.Zindel@klinespecter.com
1525 Locust Street
Philadelphia, PA 19102
Phone: (215) 772-1000
*Attorney for Plaintiffs*

# EXHIBIT "A"

**KLINE & SPECTER, P.C.**
ATTORNEYS AT LAW

1525 LOCUST STREET
PHILADELPHIA, PENNSYLVANIA 19102

215-772-1000
800-597-9585
FAX: 215-792-5513

Dominic C. Guerrini, Esquire
Direct Dial (215) 772-1372

dominic.guerrini@klinespecter.com

May 13, 2025

***Via Federal Express***
U.S. Department of Veterans Affairs
Office of General Counsel
Torts Law Group
810 Vermont Avenue, NW
Washington, DC 20420

Dan Rattray, Esquire
Office of Chief Counsel
U.S. Department of Veterans Affairs
251 North Main Street
Winston-Salem, NC 27155

RE:    **Claimant: Alton Johnson**

To Whom It May Concern:

Please be advised this office represents Alton Johnson in reference to a claim for personal injuries. Enclosed please find a Standard Form 95 with attachments with regard to this claim.

Thank you for your attention to this matter.

Sincerely,

DOMINIC C. GUERRINI

DCG/kap
Enclosures
cc:    VA Regional Counsel (w/enclosures; via ~~Federal Express~~ *Certified Mail*)
       P.O. Box 13399
       Philadelphia, PA  19101

       VA Regional Offices (w/enclosures; via Federal Express)
       5000 Wissahickon Avenue
       Philadelphia, PA  19101

       Corporal Michael J. Crescenz VA Medical Center (w/enclosures; via Federal Express)
       3900 Woodland Avenue
       Philadelphia, PA  19104

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Department of Veterans Affairs<br><br>Cpl. Michael J. Crescenz Department of Veterans Affairs Medical Center | Alton Johnson<br>7422 Thouron Ave.<br>Philadelphia, PA 19138<br>SEE ATTACHED SHEET-PERSONAL REPRESENTATIVE |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 04/16/1955 | Married | Monday          5/6/24 | |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

SEE SHEET ATTACHED. Defendants are: United States of America (on behalf of Cpl. Michael J. Crescenz Department of Veterans Affairs Medical Center and Kaitlyn Lorraine Wright, M.D., Ross Gombiner, M.D., Christopher Tarasoff, M.D., Sierra Marsett, RN.)

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

Not applicable - no property damage.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

Not applicable - no property damage.

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

SEE ATTACHED SHEET

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) | |
| SEE ATTACHED SHEET | | |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| | 20,000,000.00 | | 20,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *[signature]* | 215-772-1372 | 5/13/25 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance?  ☐ Yes    If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.    ☐ No

Not applicable

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?  ☐ Yes  ☐ No    17. If deductible, state amount.

Not applicable

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).
Not applicable.

19. Do you carry public liability and property damage insurance?  ☐ Yes    If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).    ☐ No

Not applicable.

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident.  If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid.  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a)  In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b)  In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c)  In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d)  Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A.  *Authority:*  The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B.  *Principal Purpose:*  The information requested is to be used in evaluating claims.
C.  *Routine Use:*  See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D.  *Effect of Failure to Respond:*  Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is *solely* for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501.  Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention:  Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) BACK

## ATTACHED RESPONSES

2.    **Claimant – Personal Representative**

Claimant's personal representative is Dominic C. Guerrini, Esquire, Kline & Specter, P.C., 1525 Locust Street, Philadelphia, PA 19102. 215-772-1000.

8.    **Basis of Claim:**

Claimant, Alton Johnson, was born on April 16, 1955. On September 28, 2020, at 65 years of age, Mr. Johnson presented to the Cpl. Michael J. Crescenz Department of Veterans Affairs Medical Center Emergency Department, 3900 Woodland Avenue, Philadelphia, PA 19104, where he underwent a chest x-ray which revealed a suspicious lesion in his lung. The radiologist found a suspicious lesion and directed the providers to obtain short-term follow-up CT imaging of the chest. Despite this clear requirement, no follow-up CT imaging was ever ordered or performed, despite the fact that Mr. Johnson's primary care providers, Dr. Kaitlyn Lorraine Wright, Dr. Ross Gombiner, Dr. Christopher Tarasoff and Nurse Sierra Marsett were aware of the x-ray results and the need for CT imaging. As a result of their failures, Mr. Johnson's cancer was not diagnosed until May of 2024, when he underwent an xray and, ultimately a CT scan as a result of increasing shoulder pain.

10.    **Nature and Extent of Each Injury:**

As a direct and proximate result of **Dr. Kaitlyn Lorraine Wright, Dr. Ross Gombiner, Dr. Christopher Tarasoff and Nurse Sierra Marsett's** negligence, Alton Johnson's cancer went undiagnosed and untreated for almost four years, allowing this cancer to grow, invade into the bone, and metastasize. As a result of the delay in diagnosing Mr. Johnson's cancer, he has sustained, among other injuries: metastatic lung cancer, need for chemotherapy, decreased opportunity for cure; pain and disfigurement; and severe emotional distress. Claimant seeks the full measure of economic and non-economic damages available under Pennsylvania law, including, without limitation, pain and suffering, embarrassment and humiliation, disfigurement, loss of life's pleasures, lost earnings capacity, past and future medical expenses, and severe emotional distress.

11.    **Witnesses known at this time:**

Alton Johnson (Claimant): 7422 Thouron Avenue, Philadelphia, PA 19138

Gay Johnson (Alton Johnson's wife): 7422 Thouron Avenue, Philadelphia, PA 19138

Kaitlyn Lorraine Wright, M.D., Ross Gombiner, M.D., Christopher Tarasoff, M.D., Sierra Marsett, R.N. and Alton Johnson's treating physicians (all currently located in Philadelphia.)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

VA Regional Counsel
P.O. Box 13399
Phila., PA 19101

9590 9402 8746 3310 6069 23

2. Article Number *(Transfer from service label)*

7020 3160 0001 7995 8794

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X      ☐ Agent   ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☑ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053      Domestic Return Receipt



# EXHIBIT "B"

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**A. Signature**

☐ Agent
☐ Addressee

**B. Received by (Printed Name)**     **C. Date of Delivery**

1. Article Addressed to:

VA Regional Counsel
P.O. Box 13399
Phila, PA 19101

**D.** Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☑ No

9590 9402 8746 3310 6069 23

2. Article Number *(Transfer from service label)*

7020 3160 0001 7995 8794

**3. Service Type**
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053     Domestic Return Receipt



USPS TRACKING #

MILWAUKEE WI 530
8 JUN 2025 PM 2 L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 8746 3310 6069 23

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

**Dominic Guerrini, Esquire**
Kline & Specter, P.C.
1525 Locust Street
Philadelphia, PA 19102

4774776

# EXHIBIT "C"

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ALTON JOHNSON and GAY HAGIN** | NO. |
| Plaintiffs, | |
| v. | |
| **UNITED STATES OF AMERICA** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## <u>CERTIFICATE OF MERIT AS TO CORPORAL MICHAEL J. CRESCENZ VA MEDICAL CENTER</u>

I, DOMINIC C. GUERRINI, ESQUIRE, certify pursuant to Pa.R.C.P. 1042.3 that:

☐ An appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR

■ An appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by other licensed professionals for whom this defendant is responsible in the treatment, practice

or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR

■ the claim that this defendant deviated from an acceptable professional standard is based on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harms;

OR

☐ expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this defendant.

**KLINE & SPECTER, P.C.**

Date:  2/11/26

By:  _____
DOMINIC C. GUERRINI, ESQUIRE
GEORGE ZINDEL, ESQUIRE
PA Attorney I.D. Nos. 91311/332321
Dominic.Guerrini@klinespecter.com
George.Zindel@klinespecter.com
1525 Locust Street
Philadelphia, PA 19102
Phone: (215) 772-1000
*Attorney for Plaintiffs*

# EXHIBIT "D"

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **ALTON JOHNSON and GAY HAGIN** | NO. |
| Plaintiffs, | |
| v. | |
| **UNITED STATES OF AMERICA** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## <u>CERTIFICATE OF MERIT AS TO KAITLYN LORRAINE WRIGHT, M.D.</u>

I, DOMINIC C. GUERRINI, ESQUIRE, certify pursuant to Pa.R.C.P. 1042.3 that:

■    An appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR

☐    An appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by other licensed professionals for whom this defendant is responsible in the treatment, practice

or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR

☐ the claim that this defendant deviated from an acceptable professional standard is based on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harms;

OR

☐ expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this defendant.

**KLINE & SPECTER, P.C.**

By: _____
DOMINIC C. GUERRINI, ESQUIRE
GEORGE ZINDEL, ESQUIRE
PA Attorney I.D. Nos. 91311/332321
Dominic.Guerrini@klinespecter.com
George.Zindel@klinespecter.com
1525 Locust Street
Philadelphia, PA 19102
Phone: (215) 772-1000
*Attorney for Plaintiffs*

Date:  2/11/26

# EXHIBIT "E"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALTON JOHNSON and GAY HAGIN** | NO. |
| Plaintiffs, | |
| v. | |
| **UNITED STATES OF AMERICA** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## <u>CERTIFICATE OF MERIT AS TO ROSS GOMBINER, M.D.</u>

I, DOMINIC C. GUERRINI, ESQUIRE, certify pursuant to Pa.R.C.P. 1042.3 that:

■    An appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR

☐    An appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by other licensed professionals for whom this defendant is responsible in the treatment, practice

or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR

☐ the claim that this defendant deviated from an acceptable professional standard is based on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harms;

OR

☐ expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this defendant.

KLINE & SPECTER, P.C.

Date: 2/11/26

By: _____
DOMINIC C. GUERRINI, ESQUIRE
GEORGE ZINDEL, ESQUIRE
PA Attorney I.D. Nos. 91311/332321
Dominic.Guerrini@klinespecter.com
George.Zindel@klinespecter.com
1525 Locust Street
Philadelphia, PA 19102
Phone: (215) 772-1000
*Attorney for Plaintiffs*

# EXHIBIT "F"

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **ALTON JOHNSON and GAY HAGIN** | NO. |
| Plaintiffs, | |
| v. | |
| **UNITED STATES OF AMERICA** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## <u>CERTIFICATE OF MERIT AS TO CHRISTOPHER TARASSOFF, M.D.</u>

I, DOMINIC C. GUERRINI, ESQUIRE, certify pursuant to Pa.R.C.P. 1042.3 that:

■    An appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR

☐    An appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by other licensed professionals for whom this defendant is responsible in the treatment, practice

or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR

☐   the claim that this defendant deviated from an acceptable professional standard is based on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harms;

OR

☐   expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this defendant.

**KLINE & SPECTER, P.C.**

By:   _____

Date:  2/11/26

DOMINIC C. GUERRINI, ESQUIRE
GEORGE ZINDEL, ESQUIRE
PA Attorney I.D. Nos. 91311/332321
Dominic.Guerrini@klinespecter.com
George.Zindel@klinespecter.com
1525 Locust Street
Philadelphia, PA 19102
Phone: (215) 772-1000
*Attorney for Plaintiffs*

# EXHIBIT "G"

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ALTON JOHNSON and GAY HAGIN**<br><br>                    Plaintiffs,<br><br>              v.<br><br>**UNITED STATES OF AMERICA**<br><br>                    Defendant. | NO.<br><br><br><br>**JURY TRIAL DEMANDED** |

**CERTIFICATE OF MERIT AS TO SIERRA MARSETT, R.N.**

I, DOMINIC C. GUERRINI, ESQUIRE, certify pursuant to Pa.R.C.P. 1042.3 that:

■ An appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR

☐ An appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by other licensed professionals for whom this defendant is responsible in the treatment, practice

or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR

☐ the claim that this defendant deviated from an acceptable professional standard is based on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harms;

OR

☐ expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this defendant.

**KLINE & SPECTER, P.C.**

By:  _____

Date:  2/11/26

DOMINIC C. GUERRINI, ESQUIRE
GEORGE ZINDEL, ESQUIRE
PA Attorney I.D. Nos. 91311/332321
Dominic.Guerrini@klinespecter.com
George.Zindel@klinespecter.com
1526 Locust Street
Philadelphia, PA 19102
Phone: (215) 772-1000
*Attorney for Plaintiffs*